# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ASENATH E. ROUT,** | * |
| Plaintiff, | * |
| v. | * Case No.: RWT 11cv00505 |
| **FIRST SAVINGS MORTGAGE CORPORATION et al.,** | * |
| Defendants. | * |

## MEMORANDUM OPINION

Plaintiff Asenath Rout ("Rout") filed this *pro se* Complaint against Defendant First Savings Mortgage Corporation ("FSMC") and Defendant David N. Prensky ("Prensky") in the Circuit Court for Prince George's County, Maryland. *See* Compl., ECF No. 2 at 1. Rout's Complaint alleges that FSMC and Prensky failed to disclose certain facts relating to a $954,450 loan that FSMC made to Rout so she could build a home in Upper Marlboro, Maryland. Rout also alleges that FSMC altered material figures in the loan without her knowledge, which led to the foreclosure and sale of her home. *See id.* Rout seeks to quiet title, requests declaratory relief, injunctive relief, and monetary damages. *Id.* at 12-13. For the reasons provided below, the Court will, by separate order, grant Defendants' Motion to Dismiss, deny Plaintiff's request for leave to amend and deny Plaintiff's "Motion to Strike Defendants' Filings in this Court or in the Alternative that they be Amended," construed as a Rule 60 (b) motion for reconsideration.

## BACKGROUND

Rout acquired the $954,450 loan from FSMC on or about January 31, 2007, and became delinquent on her payments sometime thereafter. On October 22, 2009, Rout, proceeding *pro se*,

filed a Complaint against FSMC (the "First Suit") alleging that FSMC failed to disclose or misrepresented certain material facts relating to the loan.[1] FSMC removed the First Suit to this Court, and on May 5, 2010, this Court dismissed the Complaint for failure to state a claim. *Id.* Rout did not appeal this decision. *See Rout v. First Sav. Mortg. Corp.*, No. RWT 09-3117, 2010 WL 1837720, at *1 (D. Md. May 5, 2010).

On or about December 15, 2009, Prensky, as Substitute Trustee, filed an Order to Docket Action to Foreclose a Deed of Trust on the Property against Rout in the Circuit Court for Prince George's County, Maryland (the "Foreclosure Suit"). ECF No. 9 at 3. The Property was sold pursuant to a trustee's sale in September 2010. *Id.* The Circuit Court for Prince George's County ratified this sale via Order on January 7, 2011. *Id.* at 4.

On January 27, 2011, Rout filed the instant complaint ("the Second Suit") against Defendants FSMC and Prensky in the Circuit Court for Prince George's County, Maryland. ECF No. 2.[2] The Second Suit concerns the same loan and alleges the same facts as the First Suit. *See id.* On February 24, 2011, FSMC filed a Notice for Removal to this Court pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446. ECF No. 1.

Defendants FSMC and Prensky filed a Motion to Dismiss on March 3, 2011. ECF No. 9. The Defendants argue that (1) Rout's claims are barred by *res judicata*; (2) each claim is barred by the applicable statute of limitations; (3) her complaint lacks the requisite particularity required

---

[1] The specific claims were alleged as follows: breach of contract (Count I), fraud (Count II), deceptive trade practices (Count III), negligent misrepresentation (Count IV), usury (Count V), lack of standing of Defendant to enforce the rights of foreclosure (Count VI), breach of contract-misrepresentation of material facts (Count VII), breach of supplemental provisions of a contract (Count VIII), and void and unlawful lien (Count IX). *Rout v. First Sav. Mortg. Corp.*, RWT 09CV3117, 2010 WL 1837720 (D. Md. May 5, 2010).

[2] The claims alleged in this action are: Quiet Title (Count I), Unfair Debt Collection Practices (Count II), Unfair Business Practices (Count III), Violation of 15 U.S.C. 1639(H) (Count IV), Predatory Lending Practices (Civil Conspiracy) (Count V), Injunctive Relief (Count VI), and Fraudulent Misrepresentation (Count VII). She also alleges that the Defendants are not the holders of the note and therefore did not have the right to foreclose or sell her home.

2

by Rule 9(b) of the Federal Rules of Civil Procedure; and (4) Rout fails to state a claim upon which relief can be granted. *Id*. Rout filed an opposition to Defendants' Motion to Dismiss on March 22, 2011. ECF No. 12. Rout concedes that her statutory and civil conspiracy claims are barred by the applicable statute of limitations and also requests leave to amend her complaint. *Id*. at 3-4. On April 7, 2011, the Defendants filed a Reply in Support of their Motion to Dismiss Rout's Complaint. ECF No. 13. On May 5, 2011, Rout filed a "Motion to Strike Defendants' Filings in this Court or in the Alternative that they be Amended." ECF No. 16. On May 23, 2011, Defendants' filed a motion in opposition to Plaintiff's motion, arguing that it is procedurally improper. *See* ECF No. 17 at ¶ ¶ 4-6. Rout filed a reply in support of her motion on June 6, 2011. ECF No. 18.

## **ANALYSIS**

### I. Rout's Claims are Precluded by *Res Judicata*

In the instant Complaint, Rout alleges essentially the same causes of action and nearly identical relief as the First Suit. Even though Rout has added a Defendant, Prensky, and has stated her claims and demands for relief in slightly different language, it is clear that Rout is attempting to relitigate the First Suit by initiating the Second Suit.

Under Maryland law, claim preclusion, or res *judicata*, "embodies three elements: (1) the parties in the present litigation are the same or in privity with the parties to the earlier litigation; (2) the claim presented in the current action is identical to that determined *or that which could have been raised and determined in prior litigation*; and (3) there was a final judgment on the merits in the prior litigation." *R & D 2001, LLC v. Rice*, 938 A.2d 839, 848 (Md. 2008) (emphasis added). "Privity in the res judicata sense generally involves a person so identified in interest with another that he represents the same legal right." *Anyanwutaku v. Fleet Mortgage*

3

*Group, Inc.*, 85 F. Supp. 2d 566, 572-73 (D. Md. 2000); *see also Coleman v. Countrywide Home Loans, Inc.*, 2010 WL 5055788, at *3. Therefore, even if "the plaintiffs have added two new defendants to this action… a plaintiff cannot avoid the bar of *res judicata* by bringing in additional [defendants]." *Csabai v. Martek Biosciences Corp.*, CIV. CCB-11-316, 2011 WL 1831777 (D. Md. May 12, 2011) (internal quotation marks and citations omitted).

Prensky, the substitute trustee, is in privity with FSMC because (1) Prensky is the substitute trustee, and (2) Rout's claims against the defendants are premised on her claim that the loan was invalid and therefore FSMC and Prensky did not have the right to foreclose on her property. *See Jones v. HSBC Bank USA, N.A.*, 2011 WL 382371 at *5 (D. Md. Feb. 3, 2011) (holding that the substitute trustee and the lender are in privity because the "Plaintiff's claims against all defendants. . .are premised on Plaintiff's claim that the foreclosure judgment was invalid."). Additionally, it is obvious that Prensky is a nominal defendant in this action and that Rout seeks her relief from FSMC. Because FSMC and Prensky share a mutuality of interest in the validity of the loan and the judgments in the First and Foreclosure Suits, and because it appears that Prensky is a nominal party, the first element of the claim preclusion test is met.

Secondly, all of Rout's claims arise out of the same set of facts set forth in her First Suit. All of the allegations concern Rout's relationship with FSMC, her default under the loans, and her attempts to avoid liability and to reclaim her home. In her response, Rout alleges that FSMC misinterprets her second claim and that the Second Suit has little or no comparison to the First Suit. *See* Pl's Opp'n. to Def.'s Mot. to Dismiss, ECF No. 12 at 4. Yet, Rout fails to explain this conclusory assertion, and a reading of her Complaint makes it clear that she is attempting to dispute the validity of the exact same loan and foreclosure that she did in the First Suit. Because all of her claims arise out of the same disputed loan, and thus the same transaction, all of these

claims could have been brought in the First Suit. Therefore, the second element of the claim preclusion test is also met.

Lastly, the First Suit was decided on the merits. Rout asserts that the First Suit was not dismissed on the merits, but for other procedural violations. *See* Pl.'s Opp'n at 5. Rout misunderstands the law. A dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure constitutes a judgment on the merits. *See Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 (1981). Thus, the third element of the claim preclusion test is met.

## II.  Rout Fails to State a Claim for Fraudulent Misrepresentation

Even if Rout's claims were not barred by *res judicata*, Rout has still not articulated facts that meet the special pleading standards for a claim of fraudulent misrepresentation. The pertinent part of Rule 9(b) of the Federal Rules of Civil Procedure provides, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. Rule Civ. P. 9(b). "In interpreting this Rule, this Court and other courts have held that a plaintiff alleging fraud must make particular allegations of the time, place, speaker, and contents of the allegedly false acts or statements." *Adams v. NVR Homes, Inc*., 193 F.R.D. 243, 249-50 (D. Md. 2000) (citing *Windsor Assocs., Inc. v. Greenfeld,* 564 F.Supp. 273, 280 (D.Md.1983)). "A complaint which fails to specifically allege the time, place and nature of the fraud is subject to dismissal pursuant to a Rule 12(b)(6) motion." *Id*. at 250 (citing *Lasercomb America, Inc. v. Reynolds,* 911 F.2d 970, 980 (4th Cir.1990)). In both her complaint and her opposition, Rout fails to articulate who made the alleged misrepresentations, when they were made, how they were made, or the contents of such statements. Rout's conclusory allegation that FSMC misrepresented the fact that it had insurance on the loan and that it could foreclose on the property in the event of a default does not satisfy the Rule 9(b) standard. Such

statements fail to give notice regarding the *actual* statements that constituted the misrepresentations and fraud. Thus, her complaint must also be dismissed for failure to state a claim.

### III. Granting Rout Leave to Amend her Complaint Would be Futile

In her opposition, Rout requests leave to amend her complaint to cure various defects. *See* Pl.'s Opp'n to Mot. to Dismiss, ECF No. 12 at 3-4. Rule 15(a) of the Federal Rules of Civil Procedure provides that, after a responsive pleading is served, "[a] party may amend its pleading only with the opposing party's written consent or the court's leave." *See* Fed. R. Civ. P. 15(a)(1)(B)(2). "The court should freely give leave [to amend] when justice so requires," *see* Fed. R. Civ. P. 15(a)(2), unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Steinburg v. Chesterfield County Planning Comm'n*, 527 F.3d 377, 290 (4th Cir. 2008). Futile amendments are those that cannot survive a motion to dismiss. *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995). Because all of her claims are barred by *res judicata*, granting leave to amend would be futile. Additionally, as stipulated by both parties, all of Rout's statutory and civil conspiracy claims are barred by the relevant statutes of limitations. *See* ECF Nos. 9, 12. Thus, granting leave to amend these claims would be futile as well. Rout's request for leave to amend will accordingly be denied.

### IV. Rout's "Motion to Strike Defendant's Filings or in the Alternative, to amend the Defendant's filings" is Procedurally Improper and Does Not State a Ground for Relief

Rout also moves to "Strike Defendants' Filings in this Court or in the Alternative that they be Amended." Rout's motion is virtually incomprehensible but appears to request

reconsideration of the Court's dismissal of the First Suit. Under Rule 60(b), a party may obtain relief from a judgment or final order based upon:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Motions for reconsideration are "an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998), *cert. denied*, 525 U.S. 1104, 119 S. Ct. 869, 142 L. Ed. 2d 771 (1999). Rule 60(b) does not permit "reconsideration of legal issues already addressed in an earlier ruling." *CNF Constructors, Inc. v. Donohoe Const. Co.*, 57 F.3d 395, 401 (4th Cir. 1995).

In addition to the obvious procedural irregularities associated with seeking reconsideration of a judgment in an allegedly wholly separate case, Rout's motion clearly does not warrant relief under any ground for reconsideration. First, Rout's vague assertion that there is certain "documentary evidences" that she does not currently possess is insufficient to warrant relief under 60(b)(2). Second, Rout's contention that the capitalization of her name amounted to misconduct or fraud by FSMC has no legal basis and is insufficient to warrant relief under 60(b)(3). Third, Rout's attempt to challenge the subject matter jurisdiction of this court through the capitalization of her name, the style and heading of the removal notice, and her residency, is nonsensical and clearly meritless. *See Rout v. First Sav. Mortg. Corp.*, No. 09-3117, 2010 WL 1837720, at *1 (D. Md. May 5, 2010) (denying Rout's motion to remand for lack of subject matter jurisdiction). Thus, Rout has no basis for relief under Rule 60(b)(4).

7

Finally, Rout advances multiple arguments already addressed by the Court in the First Suit (e.g. her residency, legality of the note, etc). Rout argues that these issues were not sufficiently litigated because the Court did not hold a full evidentiary hearing. Rout again misunderstands the law. These issues were previously addressed in the Court's May 5, 2010 Memorandum opinion and her blatant attempt to relitigate the same arguments here is inappropriate. *See Rout v. First Sav. Mortg. Corp.*, No. RWT 09-3117, 2010 WL 1837720 (D. Md. May 5, 2010) (denying Rout's motion to remand and denying Count VIII of Rout's complaint regarding the capitalization of her name); *see also CNF Constructors, Inc.*, 57 F.3d at 401 ("where a motion is for reconsideration of legal issues already addressed in an earlier ruling, the motion is not authorized by Rule 60(b)") (internal citations omitted). In sum, Rout's motion does not warrant relief under any ground for reconsideration under Rule 60(b) and will accordingly be denied.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss will be granted; Rout's request for leave to amend will be denied; and Rout's "Motion to Strike Defendants' Filings in this Court or in the Alternative that they be Amended," construed as a Rule 60(b) Motion for Reconsideration of the final judgment in the First Suit, will be denied.

A separate Order follows.

8/23/11
Date

_____
Roger W. Titus
United States District Judge